UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA L. WESTEDT,

        Plaintiff,

        v.                             Case No. 13-C-772

ED HALL,
DENISE SYMDEM,
ROSE SNYDER-SPAAR,
ROGER NEVEAU,
JED NEUMAN,
MARY KAY TALLIER,
ANDY JACOBS, and
JOHN DOES,

        Defendants.

DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (DOC. 2), DENYING AS MOOT PLAINTIFF'S MOTION TO AMEND/CORRECT COMPLAINT (DOC. 11), SCREENING PLAINTIFF'S AMENDED COMPLAINT, AND DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT ON OR BEFORE MONDAY, MARCH 31, 2014

        This matter is before the court on plaintiff's motion for leave to proceed *in forma pauperis*, and motion to amend/correct complaint, as well as screening of the amended complaint. Plaintiff has been assessed and paid an initial partial filing fee of $1.83.

        Plaintiff filed his original complaint on July 10, 2013. On October 24, 2013, before the court screened his original complaint, plaintiff filed a motion for leave to file an amended complaint. This is an amendment as a matter of course under Federal Rule of Civil Procedure 15(a), and plaintiff's motion complied with the requirements of Civil Local Rule 15. Plaintiff's motion described the changes he sought to make, and he attached a proposed amended complaint. The court will screen plaintiff's amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than

2

conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In his amended complaint, plaintiff names as defendants Edward F. Wall, Denise Symdem, Rose Snyder-Spaar, Roger Neveau, and Jed Neuman. Each of these individuals is an employee of the Wisconsin Department of Corrections.

Plaintiff was convicted in 2004 of second degree sexual assault and sexual assault of a child under 16. In May 2005, plaintiff was sentenced to four years four months imprisonment followed by twelve years of extended supervision. Prior to plaintiff's release from custody, the City of Green Bay enacted an ordinance restricting where certain sex offenders may live without approval from the City.

3

With no additional details, plaintiff states that defendant Neveau violated his constitutional rights by housing plaintiff in the Brown County Jail and by not informing plaintiff that he could request to return to prison.

There is not enough information in the complaint to state a claim against Neveau. Additionally, plaintiff does not seem to be challenging the fact that he remained in custody. Rather, he implies that he preferred to stay in prison and that Neveau violated his constitutional rights by not informing him that was an option

Plaintiff also asserts that individuals named "Tallier" and "William J. Grasshans" violated his constitutional rights. (Am. Compl. at 4). However, neither Tallier nor Grasshans is named a defendant in the amended complaint and the court may not do so on its own motion. *Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005).

Finally, plaintiff states that "all other defendants if not stopped will violated my 4th, 8th, & 14th Amendment rights by housing me in the County Jail after my release from prison in 2014." (Am. Compl. at 4). Under 18 U.S.C. § 3626(a)(1)(A), "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." The relief must be narrowly drawn, extend no further than necessary to correct the violation of the federal right, and be the least intrusive means necessary to correct the violation of the federal right. *Id.* Hence, the court cannot grant broad prospective relief regarding something that may happen in the future, as plaintiff requests.

Ultimately, it appears that plaintiff would like to proceed on claims against individuals who are not named in the amended complaint. The court will give plaintiff an opportunity to file a second amended complaint containing all of his claims against all of the intended

4

defendants. Plaintiff is cautioned to make sure that he identifies all of the intended defendants in the caption and/or Section II of the complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint." The second amended complaint supersedes the prior complaints and must be complete in itself without reference to the earlier complaints. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted). If a second amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A. Failure to file a second amended complaint may result in dismissal of this action.

According to the Wisconsin Department of Corrections Offender Detail website, it appears that plaintiff has been released from prison and no current address is provided. The court has been in contact with plaintiff's probation officer who has confirmed that plaintiff was released from custody. The probation officer also informed the court that plaintiff is homeless. The probation officer is receiving mail for plaintiff and passing it on to him. Until plaintiff provides the court with a new mailing address, the court will mail documents to him in care of his probation officer. Therefore,

IT IS ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion to amend/correct complaint (Doc. 11) is DENIED AS MOOT.

IT IS FURTHER ORDERED that the Clerk of Court shall docket plaintiff's proposed amended complaint as "Amended Complaint."

IT IS FURTHER ORDERED that on or before **Monday, March 31, 2014**, plaintiff shall file a second amended complaint curing the defects in the amended complaint.[1]

IT IS FURTHER ORDERED that plaintiff shall pay the $348.17 balance of the filing fee. Payments shall be made to the Clerk of Court and clearly identify the case name and number assigned to this action.

IT IS FURTHER ORDERED that plaintiff shall submit all correspondence and legal material to:

> Honorable Charles N. Clevert, Jr.
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Dated at Milwaukee, Wisconsin, this 3rd day of March, 2014.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. District Judge

---

[1] A copy of the court's form § 1983 complaint will be mailed to plaintiff with this order.